## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## COURT FILE NO.: _____

| | |
|---|---|
| KARL R. STUDENROTH JR., | |
| Plaintiffs, | **VERIFIED COMPLAINT** |
| v. | |
| GC SERVICES LIMITED PARTNERSHIP, | |
| Defendants. | **JURY TRIAL DEMANDED** |

### JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4.  Plaintiff, Karl R. Studenroth, Jr., is a natural person who resides in the City of Pensacola, County of Escambia, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant GC Services, Limited Partnership (hereinafter "Defendant GC") is a collection agency operating from an address of 6330 Gulfton, Houston, Texas 77081, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

6.      Between 1991 and 1999, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a student loan debt with the U.S. Department of Education, in the approximate amount of $ 70,000, which was used by Plaintiff for personal, family and household purchases.

7.      Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

8.      Throughout all of 2009, Defendant has constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for the alleged consumer debt.

9.      Since January 2010, Defendant has contacted Plaintiff around three (3) to four (4) times a day every day seeking and demanding payment for an alleged consumer debt.

*Collection Calls to Place of Employment*

10.     In January 2010, a collector for Defendant GC, contacted Plaintiff by telephone at his place of employment in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11.     During the above mentioned phone call, the collector asked the Plaintiff for payment on the above referenced account. Plaintiff requested that Defendant stop calling his place of employment. This phone conversation became heated and the Defendant's collector raised her voice at Plaintiff.

12.     At this point in the phone call, Plaintiff requested that he speak with the original collector's supervisor. Plaintiff advised the collector's supervisor to no longer contact him at his place of employment.

13.    In June 2010, Plaintiff, again accepted a call from GC at his place of employment and requested that Defendant GC no longer attempt to contact him at his place of employment.

14.    Defendant continues to make regular and continuous phone calls to the Plaintiff at his place of employment.

15.    Defendant's representatives have resorted to attacks on Plaintiffs character and regularly make offensive remarks which lead to verbal arguments.

*16.*    Defendant's representatives have threatened to garnish Plaintiff by stating that they had been in touch with his payroll department and his payroll department stated that they "would be glad to begin garnishment proceedings" against the Plaintiff.

### Summary

17.    All of the above-described collection communications made to Plaintiff by Defendant, and other collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(10), and 1692f, amongst others.

18.    During their collection communications, Defendant and these individual debt collectors employed by Defendant repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

19.    The above-detailed conduct by the Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of

Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts

and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

20.   Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so

triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

21.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein.

22.   The foregoing acts and omissions of Defendant and their agents constitute numerous and

multiple violations of the FDCPA including, but not limited to, each and every one of the

above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each of

these Plaintiffs.

23.   As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to

actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up

to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and

costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

24.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully

stated herein.

25. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

26. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

27. Defendant and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully calling Plaintiff at his residence and at his place of employment in an attempt to collect a debt and thereby invaded Plaintiff's privacy.

28. Defendant and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon the Plaintiff's rights to privacy.

29.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

30.   The conduct of the Defendant and their agents, in engaging in the above-described illegal collection conduct against the Plaintiff, resulted in multiple intrusions and invasions of privacy by the Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

31.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for each Plaintiff;

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY

### REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for each Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: December 9, 2010

Martin S. Lewis, FL Bar # 0100587
Steven D. Jurnovoy, FL Bar # 938221
Brooke E. Sanchez, FL Bar # 26860
Lewis & Jurnovoy, PA
1100 North Palafox Street
Pensacola, FL 32501
Telephone: (850) 432-9110
Facsimile: (850) 433-8794
Email: brooke@4-debtor.com

**Attorneys for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA        )
                                  )

COUNTY OF ESCAMBIA     )

Plaintiff Karl R. Studenroth, Jr., having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Karl R. Studenroth, Jr.

Subscribed and sworn to before me
this 9 day of December, 2010.

_____
Notary Public

SHERI KERR
MY COMMISSION # DD 727441
EXPIRES: January 14, 2012
Bonded Thru Notary Public Underwriters